IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HUNTER DARYL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-361-ECM-JTA |
| ) | (WO) |
| BILL FRANKLIN, Elmore County ) | |
| Sheriff, in his individual capacity, ) | |
| TRACY JACKSON, Elmore County ) | |
| Correctional Warden, in her individual ) | |
| capacity, JOSH TIDWELL, Elmore ) | |
| County Sheriff Deputy/Correctional ) | |
| Officer, in his/her individual capacity, G. ) | |
| L. YOUNG, Elmore County Sheriff ) | |
| Deputy/Correctional Officer, in his/her ) | |
| individual capacity, A. RINDS, Elmore ) | |
| County Sheriff Deputy/Correctional ) | |
| Officer, in his/her individual capacity, S. ) | |
| SVENCER, Elmore County Sheriff ) | |
| Deputy/Correctional Officer, in his/her ) | |
| individual capacity, and PAMELA ) | |
| OLIVER, Elmore County Correctional ) | |
| Nurse, in her individual capacity, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Before the court is Defendant Pamela Oliver's Renewed Motion to Correct Case Docket Regarding Service of Process or, in the Alternative, to Quash Service. (Doc. No. 55.) The court CONSTRUES the motion to quash as containing both a motion to quash for insufficient process and a motion to quash for insufficient service of process. For the reasons stated below, the court will grant the motion to quash for insufficient service of process and deny the remaining motions as moot. Further, by separate order, Plaintiff

Hunter Daryl Smith will be ordered to show cause why his claims against Pamela Oliver should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## I. FACTS AND PROCEDURAL HISTORY

Smith filed this action on June 14, 2024, naming Oliver as a defendant. (Doc. No. 1.) He provided a proposed summons for Oliver with the following address: 8955 US-231, Wetumpka, Alabama, 36092. (Doc. No. 1-7.) The court takes judicial notice that, as Oliver points out, this is the address of the Elmore County, Alabama Jail. The Clerk of Court issued the summons and a copy of the complaint to Oliver at the address requested. (Doc. No. 5 at 5.)

On August 5, 2024, before submitting any purported proof of service on Oliver, Smith filed an amended complaint again naming Oliver as a defendant. (Doc. No. 20.) The certificate of service on the first amended complaint stated Oliver had been served at the Elmore County Jail address "By Certified Mail with Summons & First Amended Complaint, Return Receipt Requested." (Doc. No. 20 at 29.) On August 6, 2024, Smith submitted four proposed summonses for the first amended complaint. (Doc. No. 21.) All four summonses were for Defendant A. Rines at the Elmore County Jail address. (*Id*.) Smith did not include a proposed summons for Oliver. (Doc. No. 21.) Nevertheless, the Clerk of Court again issued a summons for Oliver at the Elmore County Jail address. (Doc. No. 23 at 3.)

On August 15, 2024, Smith filed a return receipt purporting to demonstrate proof of service on Oliver by the United States Postal Service via first-class, certified, return-

receipt-requested mail. (Doc. No. 25.) The return receipt shows a recipient signature that appears as "Jill Anderson" or "Gill Amerson." (*Id*.) At any rate, the person who signed as the recipient did not sign the last name "Oliver" or any variation of the first name "Pamela." (*Id*.) The return receipt document does not legibly indicate the address at which delivery was purportedly made. (*Id*.) A docket entry associated with the filing of the August 15, 2024 return receipt card describes the filing as follows: "Return Receipt Card showing service of Nurse Oliver signed by Jill Amerson for Nurse Oliver served on 8/12/2024, answer due 9/3/2024." (*See* Docket Sheet.) The Court's electronic filing system automatically created that docket entry based on the information provided by the filing lawyer. (*See id*.)

On September 3, 2024, Oliver filed a "Motion to Correct the Case Docket Regarding Service of Process or in the Alternative Quash Service." (Doc. No. 35.) Oliver argued the service method for the original complaint, amended complaint, and summons was insufficient because someone at her place of work, who is not authorized as her agent for service, signed the certified mail receipt. (*Id*.) *See* Fed. R. Civ. P. 4(e) (regarding the allowable methods of service on an individual).

On September 9, 2024, the undersigned entered an order requiring Smith to show cause, on or before September 23, 2024, why Oliver's motion should not be granted. (Doc. No. 37.)

3

Smith did not respond to the September 9, 2024 show cause order. Instead, on September 30, 2024, he unilaterally[1] filed a second amended complaint, again naming Oliver as a defendant. (Doc. No. 41 at 1.) The Certificate of Service for the second amended complaint states it was served on Oliver "By Certified Mail with Summons and First Amended Complaint" at the Elmore County Jail's address. (Doc. No. 41 at 32 (emphasis omitted).)

Because the original complaint and first amended complaints were superseded by the second amended complaint, the motion to quash service as to the first two complaints and correct the docket sheet as to their service were moot. (Doc. No. 48.) Therefore, on October 7, 2024, the court entered an order denying Oliver's Motion to Correct the Case Docket Regarding Service of Process or, In the Alternative, to Quash Service. (*Id.*)

On October 11, 2024, the United States District Judge presiding over this case referred it to the undersigned "for all pretrial proceedings and entry of any orders recommendations as may be appropriate." (Doc. No. 54.)

On October 18, 2024, Oliver filed her Renewed Motion to Correct Case Docket Regarding Service of Process or, in the Alternative, to Quash Service. (Doc. No. 55.) Again, she argues service has not been perfected on her. She also contends the record incorrectly reflects otherwise. (*Id.*) On October 22, 2024, the court entered a briefing order

---

[1] Of the Defendants who appeared without raising a service-related challenge, none moved to strike the second amended complaint as violative of Rule 15(a)(2). Rather, on October 1, 2024, before the court could *sua sponte* issue a show cause order on the matter, they indicated their intent to proceed upon the second amended complaint. (*See e.g.*, Doc. No. 42 (October 1, 2024 motion for extension of time to respond to the second amended complaint filed by Defendants Bill Franklin, Tracy Jackson, A. Rinds, S. Svencer, and Josh Tidwell, G. L. Young).)

4

requiring Smith to file a response to Oliver's motion by November 4, 2024, and Oliver to file a reply by November 12, 2024. (Doc. No. 56.) Smith filed no response. Notwithstanding, Oliver filed a reply brief. (Doc. No. 61.)

## II. STANDARD OF REVIEW

The Rules of Civil Procedure do not expressly provide for motions to quash. *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *2 (S.D. Fla. Oct. 14, 2009). Even where, as here, a defendant does not seek dismissal, motions to quash are considered under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.[2] *Id.* Rule 12(b)(4) concerns the defense of insufficient process,[3] whereas Rule 12(b)(5) concerns the defense of insufficient service of process. Fed. R. Civ. P. 12(b)(4)–(5). A defense of insufficient service of process challenges the method of service for failure to satisfy the requirements for proper service of process set forth in Rule 4 of the Federal Rules of Civil Procedure. *Hollander*, 2009 WL 3336012, at *2; Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed. 2024) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." (footnotes omitted)).

---

[2] Although Oliver does not request dismissal of the second amended complaint under Rule 12(b), she does rely on Rules 12(b)(4)–(5) in her motion. (Doc. No. 55 at 2 ¶ 1.)

[3] The defense of insufficient process under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service." Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed. 2024). Because this Memorandum Opinion turns on the motion to quash for insufficient service of process, the standard of review for Oliver's challenge to the sufficiency of process need not be discussed here.

5

As the defense of insufficient service of process is waivable, the defendant must raise it and "describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4." *Hollander*, 2009 WL 3336012, at *2. Once the defendant meets this burden, the burden shifts to the plaintiff to counter with enough evidence to establish a *prima facie* case that service meets Rule 4's procedural requirements for the method of service. *Id*. at ** 2–3; *Carthen v. Baptist S. Med. Ctr*., No. 2:10-CV-281-WKW-TFM, 2011 WL 855279, at *2 (M.D. Ala. Feb. 23, 2011), *report and recommendation adopted*, No. 2:10-CV-281-WKW, 2011 WL 855271 (M.D. Ala. Mar. 11, 2011). The quantum of evidence sufficient to establish the plaintiff's *prima facie* case is evidence "sufficient . . . to defeat a motion for a directed verdict." *Carthen*, 2011 WL 855279, at *2 (citation and internal quotation marks omitted). "If the plaintiff presents countering evidence, 'the court must construe all reasonable inferences in favor of the plaintiff.'" *Id*. (quoting *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (quoting in turn *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002))). "Absent an evidentiary hearing,[4] the plaintiff's presentation of sufficient evidence to defeat a motion for directed verdict ends the inquiry favorably to the plaintiff." *Lowdon*, 534 F. Supp. 2d at 1360.

### III.   DISCUSSION

Oliver argues that, because the summons and complaint were delivered by certified mail to her place of employment, and because she did not authorize the individual who

---

[4] The undersigned declines to hold a hearing *sua sponte*. Oliver did not request a hearing. In addition, Smith did not respond to the motion, despite being given an opportunity to do so. Consequently, no factual matters are in dispute, and the motion can be decided on Oliver's briefs.

signed for the documents to accept service on her behalf, the docket entry for the August 15, 2024 filing of the certificate of service incorrectly reflects service on her. (Doc. No. 55.) As evidence, she relies on the record, which undisputedly supports her contention as to the way she was served. Rule 4(e) of the Federal Rules of Civil Procedure does not permit service on an individual in this manner. Fed. R. Civ. P 4(e). Accordingly, Oliver has met her burden to explain with specificity why the manner of service fails to meet the requirements of Rule 4. *Hollander*, 2009 WL 3336012, at *2 (explaining the defendant's initial burden on a motion to quash for insufficient service).

Smith did not respond to Oliver's motion and thus did not meet his burden to establish the sufficiency of the manner of service. *Carthen*, 2011 WL 855279, at *2 (describing the plaintiff's burden to respond to a motion to quash service). Notably, as long ago as Oliver's first motion challenging the method of service in September 2024, Smith has had numerous notices about the service deficiencies. Yet, to date, Smith has failed to perfect service on Oliver and failed to respond to the court's show cause orders.

Therefore, the motion to quash for insufficient service is due to be granted, and Smith will be ordered to show cause why his claims against Oliver should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) (providing that, unless good cause is shown for failure to perfect service within 90 days after filing the complaint, "the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

## IV. CONCLUSION

Accordingly, the motion to quash for insufficient service of process shall be granted and the remaining motions denied as moot. A separate order will be entered.

DONE this 4th day of April, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE