IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HUNTER DARYL SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BILL FRANKLIN, Elmore County ) <br> Sheriff, in his individual capacity, ) <br> TRACY JACKSON, Elmore County ) <br> Correctional Warden, in her individual ) <br> capacity, JOSH TIDWELL, Elmore ) <br> County Sheriff Deputy/Correctional ) <br> Officer, in his/her individual capacity, G. ) <br> L. YOUNG, Elmore County Sheriff ) <br> Deputy/Correctional Officer, in his/her ) <br> individual capacity, A. RINES,[1] Elmore ) <br> County Sheriff Deputy/Correctional ) <br> Officer, in his/her individual capacity, S. ) <br> SVENCER, Elmore County Sheriff ) <br> Deputy/Correctional Officer, in his/her ) <br> individual capacity, and PAMELA ) <br> OLIVER, Elmore County Correctional ) <br> Nurse, in her individual capacity, ) <br> ) <br> Defendants. ) | CASE NO. 2:24-cv-361-ECM-JTA <br> (WO) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 11, 2024, pursuant to 28 U.S.C. § 636, this action was referred to the undersigned United States Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. No. 54.) For the reasons stated

---

[1] On the record at oral argument, Plaintiff clarified that this Defendant's last name is spelled "Rines," not "Rinds."

below, the undersigned recommends that Plaintiff Hunter Daryl Smith's claims against Defendant Pamela Oliver be dismissed and that Oliver be dismissed from this action.

## I. JURISDICTION

The court exercises jurisdiction over this action based on federal question jurisdiction. 28 U.S.C. § 1331. Smith's claims arise under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

## II. DISCUSSION

On April 4, 2025, for the reasons stated in a memorandum opinion entered that date, the court entered an order quashing service on Oliver for insufficient service of process. (Doc. No. 69 at 2; *see also* Doc. No. 68 (April 4, 2025 Memorandum Opinion).) Further, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the court ordered Smith to show cause, on or before noon on April 8, 2025, why his claims against Oliver should not be dismissed for failure to perfect service within 90 days of filing the complaint. (Doc. No. 69 at 2.) *See* Fed. R. Civ. P. 4(m) (providing that, unless good cause is shown for failure to perfect service within 90 days after filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). Smith did not show cause as ordered.

On April 9, 2025, the undersigned held oral argument on the record on the pending motion to dismiss, which was filed by all Defendants other than Oliver.[2] (*See* Docs. No.

---

[2] Oliver's counsel made a limited appearance at the April 9, 2025 oral argument.

2

58, 66.) On the record at the oral argument, Smith conceded his claims against Oliver are due to be dismissed pursuant to Rule 4(m).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Smith's claims against Oliver be dismissed without prejudice and that Oliver be dismissed from this action.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **April 24, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

The Clerk of Court is DIRECTED to correct the spelling of Defendant A. Rines's last name on the docket sheet.

DONE this 9th day of April, 2025.

                                                             _____
                                                             JERUSHA T. ADAMS
                                                             UNITED STATES MAGISTRATE JUDGE